UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELBERT LEROY DAGE,** | ) |
| | ) |
| **Plaintiff.** | ) |
| | )  Civil Action No. 04-0221 (JGP) |
| v. | ) |
| | ) |
| **MICHAEL O. LEAVITT,** | ) |
| **Administrator, Environmental** | ) |
| **Protection Agency** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM OPINION

This matter is before the Court pursuant to **Plaintiff's Motion to Compel Complete Discovery Responses To Plaintiff's First Set of Interrogatories and Requests For Production of Documents** [# 20]. Plaintiff requests that the Court compel defendant to make complete responses to his interrogatories and document requests pursuant to Federal Rule of Civil Procedure 37.[1] Defendant objects to plaintiff's interrogatories and document requests claiming that, with the exception of one narrow issue, plaintiff has not exhausted any of the claims in his complaint, and hence is not entitled to discovery of those claims. As explained more fully below, the Court concludes that plaintiff's motion should be granted.

## BACKGROUND

Plaintiff was injured by his exposure to toxic chemicals while an employee at the Environmental Protection Agency's ("EPA") Waterside Mall headquarter offices in the late 1980s

---

[1] Plaintiff also claims that defendant's responses to plaintiff's interrogatories were not adequate under Fed.R.Civ.P. 26(g)(2) because they were not signed by an attorney of record. See Pl.'s Mot. To Compel at 3. However, plaintiff received a proper signature page during the pendency of this motion. See Pl.'s Reply to Def.'s Opp'n at n.1.

and early 1990s.  Compl. at ¶ 15.  Plaintiff alleges that as a result of that exposure, he experienced severe respiratory problems and was eventually diagnosed with Chronic Obstructive Pulmonary Disease, for which he was adjudicated disabled in 2002.  Id. at ¶ 30, 64.  In plaintiff's complaint, filed February 12, 2004, he alleges that defendant denied him reasonable accommodations for his disability, and subjected him to various acts of discrimination and retaliation in violation of the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. 701, et. seq. ("Rehabilitation Act"), Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e, et. seq. ("Title VII"), and implementing regulations.  Id. at ¶ 1.  As part of the aforementioned claims, plaintiff makes specific reference to an Alternative Workspace Policy ("AWS") implemented by the EPA in 1999, and contends that the recertification requirements under this policy were unduly burdensome.  Id. at ¶ 56.

In accordance with the scheduling order set by the Court, plaintiff served defendant with sixteen (16) interrogatories and twelve (12) requests for documents.  Defendant has refused to respond to the majority of the inquiries and requests asserting the deliberative process and attorney client privileges, and claiming that the requests go beyond the allegations in plaintiff's administrative complaint.

## DISCUSSION

I. *Standard of Review*

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1) was

amended in 2000 to narrow the scope of discovery by requiring that discovery be relevant to the claim or defense of a party. However, the Court still retains authority to order discovery of any matter relevant to the subject matter involved in the action. See Pulliam v. Continental Casualty Company, No. 02-0370, 2003 WL 1085939, at * 2 (D.D.C. Jan. 24, 2003).

II. *Relevance of Interrogatories & Requests*

Defendant objects to Interrogatories 1-5 and 9-16, and Document Request No.'s 1, 2, 5, 8, and 9 contending that plaintiff may not seek discovery of those matters because they are outside of the scope of plaintiff's administrative complaint. See Def.'s Opp'n at 1. Defendant argues that plaintiff may only seek discovery of claims concerning the implementation of the 1999 AWS policy. Id. However, plaintiff's administrative complaint makes allegations that go beyond the implementation of 1999 AWS policy. See Pl.'s Mot. To Compel, Ex. 4. Moreover, plaintiff's complaint in this Court includes allegations of discrimination and retaliation in violation of both Title VII and the Rehabilitation Act. See Compl. Defendant had the opportunity to file a motion to dismiss these claims prior to filing an answer.[2] As defendant did not file a motion to dismiss, plaintiff may obtain discovery on any matter relevant to the claims in his complaint before this Court.

III. *Interrogatories & The ROI*

In response to Interrogatories 1, 4, and 6, defendant directs plaintiff to consult the Report of Investigation ("ROI"). See Pl.'s Mot. To Compel, Ex. 2. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, an answer to an interrogatory that specifies the records from which the answer may be ascertained must "be in sufficient detail to permit the interrogating party to locate

---

[2] See Fed.R.Civ.P. 12.

and to identify, as readily as can the party served, the records from which the answer may be ascertained" (emphasis added). Since the ROI is over 600 pages long, defendant must at least provide the specific range of page numbers in the ROI that respond to plaintiff's interrogatories. See Pl.'s Mot. To Compel at 11.

IV. *Document Requests & The ROI*

In response to Document Request No.'s 1, 2, 5, 8 and 9, defendant directs plaintiff to the ROI. stating that the ROI is "sufficiently comprehensive," and therefore fulfills defendant's discovery obligations with respect to those requests. See Pl.'s Mot. To Compel, Ex. 3. Plaintiff contends that reference to the ROI is not sufficiently responsive because it only contains documents that were chosen by the investigator creating the ROI, and therefore does not necessarily contain all of the documents in the files. See Pl.'s Mot. To Compel at 30. Defendant does not proffer any evidence to contradict plaintiff's assertion. See Def.'s Opp'n. Hence, defendant must produce all documents that are responsive to plaintiff's requests, and reference the corresponding page numbers in the ROI where applicable.

V. *Deliberative Process & Attorney Client Privileges*

Under Rule 26(b)(5) of the Federal Rules of Civil Procedure, if a party withholds documents on the basis of privilege, "the party shall make the claim expressly and shall describe the nature of the documents...in a manner that, without revealing information itself privileged...will enable other parties to assess the applicability of the privilege." A general objection to a request for production of documents on the basis of privilege is insufficient. Avery Dennison Corp. v. Four Pillars, 190 F.R.D 1 (D.D.C. 1999) quoting United States v. Exxon Corp., 87 F.R.D. 624, 637 (D.D.C. 1980). There must be a description of the documents tailored to that

assertion.  Id.

>Document Request No. 2  requests

>all documents that relate to the 1999 AWS policy entitled Uniform Criteria and Procedures for Requesting and Assigning Alternative Workspace, including, but not limited to, all documents that provide the analysis and reasoning for replacing the previous version of the AWS policy, or any portion of the previous version, with the 1999 version.  See Pl.'s Mot. To Compel, Ex. 1.

Defendant refuses to respond to this request claiming that the "request comprehends pre-decisional documents protected by the deliberative and attorney-client privileges."  See Pl.'s Mot. To Compel, Ex. 2.  However, defendant's general claim of privileges is insufficient.  See Avery Dennison Corp., 190 F.R.D. at 1.  Defendant must specifically describe the documents being withheld and state why either of those privileges applies.  This is best accomplished in the production of a privilege log.  See First American Corp. v. Al-Nahyan, 2 F.Supp.2d 58, 63 n.5 (D.D.C. 1998).  While failure to produce a privilege log can be deemed a waiver of the privileges asserted, the Court will allow defendant to produce a privilege log setting forth the basis for withholding any documents responsive to Plaintiff's requests.  See Bregman v. District of Columbia 182 F.R.D. 352, 363 (D.D.C. 1998).  If defendant fails to produce such log, the privileges will be deemed waived and defendant must produce responsive documents.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel Complete Discovery Responses to Plaintiff's First Set of Interrogatories and Requests For Production of Documents is granted. An appropriate order accompanies this Memorandum Opinion.

**Date: August 18, 2005**                                  **JOHN GARRETT PENN**
                                                           **United States District Judge**